IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WALTER LEE WRIGHT #155663

       Plaintiff    :

       v.    :    CIVIL ACTION NO. AW-07-1886

RODERICK R. SOWERS, *et al.,*

                         :
       Defendants

## MEMORANDUM

On July 17, 2007, Walter Lee Wright, presently incarcerated at the Roxbury Correctional Institution, filed a letter complaint suggesting he has been denied medical care for a pus-filled, bleeding area on the thigh in retaliation for an incident involving Officer Charlotte Walkey that resulted in plaintiff receiving a notice of infraction.[1] The letter was construed as a 42 U.S.C. § 1983 action seeking injunctive relief.[2] Because Wright's allegations, if true, raised serious questions about his safety and well-being, the Office of the Maryland Attorney General was ordered to respond to his claims. The response, construed as a dispositive motion, is now ripe for review.[3] No hearing is needed to resolve Plaintiff's claim of an Eighth Amendment violation of civil rights premised on a denial of medical care. *See* Local Rule 105.6 (D. Md. 2004).

---

[1] Neither Plaintiff's displeasure with the outcome of disciplinary proceedings arising out of the May 2, 2007, infraction nor his claims that other prisoners are receiving inadequate medical care and a resident physician has not been at RCI for months are at issue here. The only issue presently before the Court concerns Plaintiff's allegation that he was denied medical care for this specific medical problem in retaliation for his ongoing complaints about the infraction written by Officer Walkey.

[2] Plaintiff's motion for leave to proceed in forma pauperis (Paper No. 2) will be granted, subject to later assessment of a partial filing fee.

[3] The response (Paper No. 5) is opposed by Plaintiff. *See* Paper Nos. 8-10.

Plaintiff alleges that he developed a painful, pus-filled boil on his left inner thigh on June 27, 2007, and submitted numerous requests to see medical staff on July 1 and 2, 2007, to no avail. His claim is supported by affidavits from fellow prisoners who indicate Plaintiff sought treatment but was not seen until July 14, 2007. Paper No. 9, Affidavits of Bruce Robinson and Benton Stokes and sick call slips dated July 4, July 5, July 7, July 17 and August 8, 2007.

Medical records submitted by the State indicate Plaintiff submitted a Sick Call Request on July 2, 2007, complaining of a painfully swollen left thigh. A medical note dated July 14, 2007, states that Plaintiff did not show up for a medical examination.[4] Paper No. 5, Exhibit 1. Plaintiff states he did appear, but "treatment" was comprised solely of a brief examination by a nurse who told plaintiff to "just put water on it." Paper No. 10 at 3. He also complains that Walkey was present during the examination, which he states occurred on July 11, 2007.[5] Paper No. 4.

Plaintiff may only be granted injunctive relief if he can demonstrate: (1) the likelihood he will be irreparably harmed if emergency relief is denied; (2) the likelihood that Defendants will not be harmed if the requested relief is granted; (3) the likelihood that he will succeed on the merits; and (4) the public interest will be served if the injunction is granted. *See Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977). Although Plaintiff believes he will

---

[4] According to the Litigation Coordinator, this information is contained in the only medical record found in Plaintiff's medical file between June 27 and August 14, 2007.

[5] Plaintiff indicates that his former cell mate suffered the same type of boil or bumps and implies that Walkey and the Warden somehow are causing "an intensifying vibration running [through] plaintiff's body in retailiation (sic)" because he is a whistle-blower and has complained to prison officials about other poor conditions of confinement in the past. Paper No. 8 at 1-2 and Paper No. 10 at 1-2. He also indicates that the examination provided was simply a "ruse" and "staged to set him up." Paper No. 4 at 2.

Legionnaire's Disease or some other serious affliction as a result of the cyst or "boil" (Paper Nos. 1 at 1, 4 at 1-2 and 10 at 2), he has failed to pursue treatment for the problem by filing additional sick call slips in the two and a half months since his brief examination by a nurse.  While a boil can be uncomfortable and may require treatment, the situation presented here does not appear to be causing irreparable injury.

Plaintiff has not attempted to file Administrative Remedy Procedure ("ARP") requests regarding this alleged denial of medical care.  Paper No. 5.  He requests this case be stayed while he completes the exhaustion process.  Paper No. 11.

The Prison Litigation Reform Act ["PLRA"] generally  requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court.   Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Thus, the exhaustion provision plainly extends to Plaintiff's allegations concerning medical care.

Plaintiff is not entitled to injunctive relief, and any attempt to amend the current complaint to seek money damages for an alleged failure to provide medical treatment for his cyst would be

premature, given his failure to pursue administrative remedies. Accordingly, a separate Order shall be entered denying Plaintiff's motion to stay, denying his request for injunctive relief, and dismissing this case without prejudice.

                                                                    /s/
                                              Alexander Williams, Jr.
                                              United States District Judge